UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LEO W. DESMOND, individually,

    Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P.,
a foreign limited partnership,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES UNDER 15 U.S.C. § 1692 *et seq.*
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")
## JURY DEMAND

1. Plaintiff, LEO W. DESMOND, alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Simply put, Defendant, CREDIT PROTECTION ASSOCIATION, L.P., has mailed out hundreds (if not thousands) of consumer debt collection letters to Florida consumers without first obtaining a license to collect consumer debts in the State of Florida as mandated by § 559.553 of the FCCPA.

In March 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the FDCPA. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We

therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

Moreover, Defendant's letters threaten to release Plaintiff's protected information to a credit bureau when it possesses no legal right to pursue such a remedy in accordance with 47 U.S.C. § 551, the Cable TV Privacy Act of 1984, which states in relevant part: *a cable operator shall not use the cable system to collect personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned.* 47 U.S.C. § 551(c)(1).

Plaintiff maintains that Defendant's actions are both unconscionable and criminal. *See* Fla. Stat. § 559.785 stating that it is a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering."

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

3. Plaintiff, LEO W. DESMOND, is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4. Defendant, CREDIT PROTECTION ASSOCIATION, L.P. ("Defendant"), is a foreign limited partnership and debt collector operating from offices located at 13355 Noel Road, Suite 2100, Dallas, Texas 75240; according to Defendant's website, Defendant "specialize[s] in the collection of delinquent dollar balances and equipment for the telecom industry…"
(Source: http://www.creditprotect.com, "Overview and Facts").

5. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

6. COMCAST CORPORATION ("COMCAST") is a "cable operator" as that term is defined in 47 U.S.C. § 551(a)(2)(c).

7. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

8. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

   *(a) Abusive practices*

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect an alleged debt from Plaintiff arising from an arrearage in the amount of $34.36 dollars to COMCAST, for having provided residential cable and internet services to Plaintiff.

10. That the original creditor, COMCAST, provides cable, internet, and telephone services to consumers throughout the State of Florida.

11. On or about July 20, 2011[1], Defendant sent a demand letter to Plaintiff seeking payment for an alleged debt. A true and correct copy of said letter is attached hereto as Exhibit "A".

12. That the letter at issue states that personally identifiable information concerning Plaintiff's "*name, address, and the amount due*" have been forwarded to various credit bureaus throughout the United States.

---

[1] Notably, the letter at issue was sent more than one year after the Eleventh Circuit's decision in *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

13. That federal law provided that a "cable operator shall not use the cable system to collect personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned." 47 U.S.C. § 551(c)(1).

14. That Plaintiff never provided any written or electronic consent to COMCAST to release his protected subscriber information.

15. Furthermore, Florida law specifically and unequivocally states: *[a]fter January 1, 1994, no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.* Fla. Stat. § 559.553(1).

16. That based upon an online license search conducted on August 6, 2011 at the website maintained by the Florida Office of Financial Regulation, Defendant is not licensed to collect consumer debts in the State of Florida.

17. That Plaintiff maintains that the filing of a lawsuit and Defendant's previous collection activities were unlawful; Plaintiff has filed the instant lawsuit alleging that any and all of Defendant's debt collection activities taken against him over the past year were in direct violation of the FDCPA.

18. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

### COUNT I
### FAILURE TO OBTAIN A DEBT COLLECTION LICENSE AS MANDATED BY FLA. STAT. § 559.553 AND IN VIOLATION OF § 1692e OF THE FDCPA

19. Plaintiff incorporates Paragraphs 1 through 18.

20. Defendant CREDIT PROTECTION ASSOCIATION, L.P.'s failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated various provisions of the Fair Debt Collection Practices Act, including the following: 15 U.S.C § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10). *See generally*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

WHEREFORE, Plaintiff LEO W. DESMOND requests that the Court enter judgment in favor of Plaintiff and against Defendant CREDIT PROTECTION ASSOCIATION, L.P. for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of the instant suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FALSE THREAT OF DISCLOSING PROTECTED SUBSCRIBER INFORMATION

24.    Plaintiff incorporates Paragraphs 1 through 19.

25.    Defendant's threat to disclose Plaintiff's personally identifiable information to the credit bureaus was in direct contravention of 47 U.S.C. § 551(c)(1) and also constitutes a violation of the Fair Debt Collection Practices Act, including the following: 15 U.S.C § 1692e, 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f.

WHEREFORE, Plaintiff LEO W. DESMOND requests that the Court enter judgment in favor of Plaintiff and against Defendant CREDIT PROTECTION ASSOCIATION, L.P. for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of the instant suit; and

  c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 7th day of August, 2011.

        SCOTT D. OWENS, ESQ.
        *Attorney for Plaintiff*
        2000 E. Oakland Park Blvd., Suite 106
        Ft. Lauderdale, FL 33306
        Telephone: 954-306-8104
        Facsimile: 954-337-0666
        scott@scottdowens.com

 By: s/ *Scott D. Owens*
    Scott D. Owens, Esq.
    Florida Bar No. 0597651